IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAREN JEAN MILLER,

    Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

CV F 05 0099 REC WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the March 20, 2005, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against defendant California government officials.  Plaintiff names as defendants the Governor, officials of the California Department of Corrections, and the Board of Prison Terms.

    Plaintiff contests the validity of his parole revocation hearing in March of 2004. Plaintiff alleges that he was "arrested without lawful standards," that he was unrepresented by counsel during the screening process, and that he was denied due process at his hearing.  Plaintiff challenges the validity of his hearing in particular and the policy of the Board of Prison Terms in

1

general.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, plaintiff's allegations imply the invalidity of his incarceration. Plaintiff's central claim is that the his parole revocation hearing was invalid, and therefore his continued incarceration is unlwaful. Though plaintiff seeks damages, his challenge, if successful, would entitle him to release from custody. Further, there are no allegations that plaintiff's parole revocation hearing has been reversed, expunged or otherwise invalidated. Absent such facts, plaintiff is not entitled to damages.

The court finds the allegations in plaintiff's insufficient to state a claim for relief. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362

(1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second  Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     May 31, 2006**                              **/s/  William M. Wunderlich**
mmkd34                                            UNITED STATES MAGISTRATE JUDGE