IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAREN JEAN MILLER,

    Plaintiff,   CV F 05 0099 REC WMW P

  vs.   FINDINGS AND RECOMMENDATION

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the June 19, 2006, second amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against defendant California government officials.  Plaintiff names as defendants the Governor, officials of the California Department of Corrections, and the Board of Prison Terms.

    Plaintiff contests the validity of his parole revocation hearing in March of 2004. Plaintiff alleges that he was "arrested without lawful standards," that he was unrepresented by counsel during the screening process, and that he was denied due process at his hearing.  Plaintiff challenges the validity of his hearing in particular and the policy of the Board of Prison Terms in

general. In the June 1, 2006, order dismissing the first amended complaint, Plaintiff was advised of the following.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff was advised that his allegations implied the invalidity of his incarceration. Plaintiff's central claim is that the his parole revocation hearing was invalid, and therefore his continued incarceration is unlwaful. Though plaintiff seeks damages, his challenge, if successful, would entitle him to release from custody. Further, there are no allegations that plaintiff's parole revocation hearing has been reversed, expunged or otherwise invalidated. Absent such facts, plaintiff is not entitled to damages.

In the second amended complaint, Plaintiff restated the allegations of the first amended complaint. Plaintiff's claim is that his parole revocation hearing lacked due process. Plaintiff contends that this claims states a claim for relief, as a decision in his favor would not entitle him to earlier release. Plaintiff contends that although he is in custody, he is no longer in custody on the basis of the parole revocation.

Whether a challenge to the validity of a disciplinary hearing or parole revocation

hearing states a claim does not turn on whether a judgment in Plaintiff's favor would entitle him to earlier release. The claim turns on whether a judgment in Plaintiff's favor implies the invalidity of his conviction. The Ninth Circuit has applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997). The sole claim in this complaint is that his parole revocation hearing was invalid. Plaintiff may not therefore file a civil rights action challenging that hearing until such time as his conviction has been reversed, expunged or otherwise invalidated.

      Because Plaintiff has not cured the defects identified in the first amended complaint, the court recommends dismissal of the claims made in the second amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 5, 2007**                             **/s/  William M. Wunderlich**
mmkd34                                                      UNITED STATES MAGISTRATE JUDGE